UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**BARKIEM RASHEED AMIR,**

       **Plaintiff,**

    **vs.**                **9:04-CV-4**

**ALBANY COUNTY; ALBANY COUNTY SHERIFF'S DEPARTMENT; JAMES CAMPBELL; THOMAS WIGGER; SGT. KUHL; DAVID DANNIBALE; C.O. SEYMOUR; AND JAMES KLEIN,**

       **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

BARKIEM RASHEED AMIR
Plaintiff *pro se*

ROCHE, CORRIGAN, McCOY & BUSH
Robert P. Roche, Esq., of Counsel
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

    Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brought this action under 42 U.S.C. § 1983 seeking compensatory and punitive damages.  Plaintiff's complaint alleges that he was assaulted by one of the defendants while others looked on and failed to stop the assault and further that the disciplinary hearing and subsequent criminal proceedings stemming from the incident denied plaintiff due process of law.

    Plaintiff moved for summary judgment (Dkt. No. 33).  Defendants cross-moved for dismissal for failure to state a claim and for summary judgment (Dkt. No. 45).  The motions were referred to United States Magistrate Judge Gustave J. DiBianco pursuant to 28 U.S.C. §

636(b)(1)(B) and Local Rule 72.3(c).  In addressing the motions, Magistrate Judge DiBianco conducted an *in camera* review of records which plaintiff had previously requested (see Dkt. Nos. 25, 48).

Magistrate Judge DiBianco issued an Order and Report and Recommendation (Dkt. No. 58) denying plaintiff's request for production of the records, recommending that plaintiff's motion for summary judgment be denied, and recommending that defendants' cross motion be denied with respect to plaintiff's excessive force claims against defendants David D'Annibale, Sgt. Kuhl, and C.O. Seymour in their individual capacities, and otherwise granted.  Plaintiff has submitted an objection to the Order and Report and Recommendation (Dkt. No. 66).  The Court reads plaintiff's objection as including an appeal of Magistrate Judge DiBianco's order denying production of documents.  Defendants object to so much of the Order and Report and Recommendation as recommends partial denial of their summary judgment motion (Dkt. No. 67).

With respect to plaintiff's appeal from Magistrate Judge DiBianco's order denying the production of records, the Court reviews such an order under the "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  The Court finds that the order herein is not clearly erroneous or contrary to law, nor does it reflect an abuse of discretion.  Accordingly, it is affirmed.

With respect to the parties' objections to Magistrate Judge DiBianco's recommendations regarding the motion and cross-motion for summary judgment, this Court conducts a *de novo* review of those parts of a magistrate judge's report and recommendation to which a party specifically objects.  *See* 28 U.S.C. § 636(b)(1)(C).  Magistrate Judge DiBianco properly applied

the standard for summary judgment.  Summary judgment is appropriate "where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law."  *Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 579 (2d Cir. 2006) (internal quotation marks omitted).  A dispute about a genuine issue of material fact exists if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party.  *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Further, where the party opposing summary judgment is proceeding on a *pro se* basis, the Court must read that party's papers liberally and interpret them "to raise the strongest arguments that they suggest."  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted).

In view of the comprehensive nature of plaintiff's objections, the Court conducts a *de novo* review of so much of the Order and Report and Recommendation as recommends denial of plaintiff's motion for summary judgment.  Upon such review, the Court adopts the report and recommendation in this regard.

The Court turns to consider defendants' objections to so much of Magistrate Judge DiBianco's order as denies summary judgment dismissing plaintiff's excessive force claims against defendants David D'Annibale, Sgt. Kuhl, and C.O. Seymour in their individual capacities. In support of their objections, defendants submit additional affidavits from Thomas Wigger, Mark Kramek, David D'Annibale, George Bull and Everett Seymour.  It is not necessary to determine whether these affidavits may be properly considered because in any event, plaintiff's allegations

are sufficient to raise a question of fact on the issue of whether these three defendants may be in any manner liable for the alleged use of excessive force against plaintiff.  Accordingly, upon *de novo* review, the Court adopts Magistrate Judge DiBianco's recommendation in this respect.

It is therefore

ORDERED that the Order and Report and Recommendation of United States Magistrate Judge Gustave J. DiBianco (Dkt. No. 58) is affirmed and adopted in all respects; and it is further

ORDERED that plaintiff's motion for summary judgment (Dkt. No. 33) is denied; and it is further

ORDERED that defendants' cross-motion for summary judgment (Dkt. No. 45) is denied with respect to plaintiff's excessive force claims against defendants David D'Annibale, Sgt. Kuhl, and C.O. Seymour in their individual capacities, and the motion is otherwise in all other respects, and the complaint dismissed in its entirety as to defendants Albany County, Albany County Sheriff's Department, James Campbell, Thomas Wigger, and James Klein.

IT IS SO ORDERED.

May 25, 2007
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge